Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3145 | **DATE** | June 5, 2002 |
| **CASE TITLE** | Zentner v Sheahan, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Memorandum opinion and order entered. Accordingly, defendant Sheahan's motion to dismiss is granted. The 6/12/02 status hearing date is to stand for the remaining parties.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUN 0 6 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 02 JUN -5 PM 2:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAROLD ZENTNER, )
)
Plaintiff, )
)
v. ) No. 01 C 3145
)
) Judge Robert W. Gettleman
RICHARD DUNBAR, Individually and in his )
official capacity as a Deputy Sheriff of Cook )
County, and MICHAEL SHEAHAN, )
Sheriff of Cook County, )
)
Defendants. )

**DOCKETED**

**JUN 0 6 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Harold Zentner ("plaintiff") has filed a first amended complaint pursuant to 42 U.S.C. § 1983 against, Michael Sheahan ("Sheahan") in his official capacity as Sheriff of Cook County Illinois, and Cook County Sheriff's Officer Richard Dunbar ("Dunbar"), alleging that Dunbar used excessive force in unlawfully arresting him in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Counts II and IV are brought against Sheahan, alleging that Dunbar's actions are the result of Sheahan's policy of failing to train and supervise Dunbar. Sheahan has moved to dismiss the plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For reasons stated below, Sheahan's motion is granted.

## BACKGROUND

When considering a motion to dismiss, the court accepts the allegations of the complaint as true as well as reasonable inferences therefrom, and views these both in the light most



favorable to the plaintiff. Travel All Over the World, Inc v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

The complaint alleges that on January 9, 2001, plaintiff, a 59 year-old electrician, and his employer drove to the parking lot of Austin High School. Plaintiff was a passenger in the car. Dunbar informed plaintiff and his employer that they were not allowed to park in the high school's parking lot and the two complied by parking on the street. Plaintiff and his employer then entered the high school and had a conversation with a school engineer. Unaware that Dunbar was down the hall, plaintiff used profanity in complaining that Dunbar prevented plaintiff and his employer from parking in the parking lot. The engineer pointed at Dunbar and asked if he was the person to whom plaintiff was referring. Plaintiff alleges that Dunbar lunged at him, slammed him into some lockers and struck him over the head repeatedly with a loaded .38 revolver. Dunbar arrested plaintiff, forcibly removed him from the school and brought plaintiff to Fifteenth District Chicago Police Station. Dunbar filed charges of battery and disorderly conduct against plaintiff. Plaintiff was tried on the misdemeanor charges in the Circuit Court of Cook County, where the judge granted plaintiff's motion for summary judgement as to the disorderly conduct charge and found plaintiff not guilty of battery.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint will generally not be dismissed unless it is beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The purpose of a motion to

dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## DISCUSSION

Sheahan argues that the allegations set forth by plaintiff are insufficient to support a claim under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). To state a §1983 claim against a government official acting in his official capacity, plaintiff must sufficiently allege that there is: "1) an express policy that, when enforced, cause[d] a constitutional depravation; 2) a widespread practice that, although not authorized by written law, or express municipal policy, [was] so permanent and well-settled as to constitute a custom or usage with force of the law; 3) . . . that the constitutional injury was caused by a person with final policy making authority." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). The requirement exists so that the municipality will not be liable on the theory of respondeat superior. Monell, supra, at 694.

Plaintiff does not allege that his injuries were the result of an express policy or were caused by a person with final policy making authority. What the plaintiff does allege is that his injuries were the result of Sheahan's failure to train and supervise Dunbar. The court construes this allegation as an attempt to plead the second McTigue requirement, that plaintiff's injuries were the result of a widespread practice so permanent and well-settled as to constitute a custom or usage with force of law. Unfortunately for plaintiff, even under the liberal pleading requirements of Fed. R. Civ. P. 8, applicable to § 1983 policy claims, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), this claim is deficient.

3

Failure to train may serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of the person with whom the police come in contact. City of Canton, Ohio v. Harris, 489 U.S. 378. In Board of the County Commissioner of Bryant County, Okl. v. Brown, 520 U.S. 397, 407 (1997), the Supreme Court reaffirmed its decision in Canton as holding that an inadequate training claim required that the deficient training program apply over time to multiple employees. Id. (Citing Canton, supra, at 390). In the instant case, plaintiff has not alleged that there is a lack of training for Sheriff's Officers in general, and that such a lack of training resulted in a number of constitutional violations. Rather, plaintiff alleges only that Dunbar, an individual Sheriff's Officer, was not trained or supervised, as evidenced by failure to investigate the alleged violation.

These allegations are insufficient to properly allege a practice or failure to train that has become force of law. To properly claim the existence of a custom, plaintiff must allege that a practice has caused more than the single alleged constitutional violation at issue. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985). The complaint in the instant case fails to meet these standards.

## CONCLUSION

For the reasons stated above, Sheahan's motion to dismiss is granted.

**ENTER:** **June 5, 2002**

Robert W. Gettleman
United States District Judge